O

FILED
CLERK, U.S. DISTRICT COURT

January 21, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___KH___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO BALTAZAR,<br><br>    Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. SACV 14-732 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

  The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1  **A.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 2-12.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Plaintiff testified that he cannot work because of various injuries he suffered after falling 24 feet from a ladder in 2005. (See AR 47.) One of the injuries, to plaintiff's right shoulder, required surgery. (See AR 295.) Plaintiff testified that on a typical day, he makes breakfast, walks his dogs around the block, tinkers in his garage, and goes back inside the house to lie down or watch television; he also shops for his mother, washes dishes, and makes his own bed. (See AR 58.) He also testified that he briefly provided in-home services for his wife after his accident. (See AR 45.) He also testified that on account of his impairments, he has difficulty holding onto things and drops things frequently, he can use hand tools for 5 or 6 minutes at a time before needing to rest for 20-30 minutes, he suffers headaches at least twice per week lasting for 2-3 days each, he could walk for 15 minutes at a time and for a distance of approximately 2.5 blocks, he could stand for 20 minutes at a

time, and he could lift 10 pounds. (See AR 57-58.)

The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity ("RFC") determination for light work. (See AR 24-25.) In support of this adverse credibility determination, the ALJ proffered the following reason: plaintiff's "daily activities are not consistent with the extreme limitations he suggests." (See AR 27.) The ALJ specifically noted that plaintiff's subjective symptom testimony was inconsistent with evidence that plaintiff could shop so that his mother will not have to go out, wash dishes, make his own bed, perform some modest work from his garage such as assembling bicycles for pay, and provide some in-home supportive care for his wife after his shoulder surgery. (See AR 24, 27.)

The Court concurs. The ALJ reasonably concluded that evidence of plaintiff's various daily activities – such as shopping, washing dishes, assembling bicycles, and providing some in-home supportive care – contradicted plaintiff's subjective symptom testimony that he has difficulty holding onto things and drops things frequently, he can use hand tools for 5 or 6 minutes before needing rest for 20-30 minutes, and he suffers headaches twice per week lasting for 2-3 days each. Accordingly, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); Berry v. Astrue, 622 F.3d 1228, 1234-35 (9th Cir. 2010) (evidence that claimant's self-reported activities suggested a higher degree of functionality than reflected in subjective symptom testimony adequately supported adverse credibility determination); Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693

1  (9th Cir. 2009) (evidence that claimant exercised and undertook projects suggested
2  that claimant's later claims about the severity of his limitations were exaggerated);
3  Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir.
4  2009) (evidence that claimant had worked as a personal caregiver belied claimant's
5  claim of debilitating illness); Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007)
6  (evidence of daily activities may form basis of an adverse credibility determination
7  where it contradicts the claimant's other testimony).[2]

## B. The ALJ failed to properly consider the treating physician's opinion (Disputed Issue Two).

Disputed Issue Two is directed to the ALJ's consideration of the opinions of Dr. Rubinstein, plaintiff's treating physician. (See Jt Stip at 12-19.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's

---

[2] The Court is mindful of recent Ninth Circuit authority holding that an ALJ's adverse credibility determination must be based on more than a quantum of evidence and therefore, an ALJ's reason for an adverse credibility determination that is arguably legally sufficient still may not constitute substantial evidence if it is "weak on this record." See Burrell v. Colvin, - F.3d -, 2014 WL 7398892, at *5 (9th Cir. Dec. 31, 2014). However, the Court finds that Burrell is distinguishable and that the ALJ's adverse credibility determination here was supported by substantial evidence. In Burrell, the Ninth Circuit found that an ALJ's reliance on evidence that the claimant may have been motivated by secondary gain was a weak basis for his adverse credibility determination because the rationale was arguably supported by only a single piece of evidence. See 2014 WL 7398892, at *5. Here, by way of contrast, the ALJ's adverse credibility determination based on plaintiff's daily activities implicated plaintiff's statements regarding his alleged functional limitations, which was the largest and most probative part of his subjective symptom testimony.

opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

In July 2006, five months after he had performed surgery on plaintiff's right shoulder, Dr. Rubinstein issued an opinion about plaintiff's post-surgical functional abilities. (See AR 441-44.) Dr. Rubinstein opined that plaintiff's condition was "permanent and stationary" (i.e., that plaintiff had reached maximum medical improvement). (See AR 441.) Dr. Rubinstein also opined that plaintiff should be precluded from overhead work; constant repetitive use of the right arm; and lifting, pulling, or pushing more than 15 pounds. (See AR 443.)

The ALJ declined to credit Dr. Rubinstein's opinion for two reasons. One of the reasons proffered by the ALJ was that Dr. Rubinstein's opinion was created for worker's compensation purposes and "therefore was not specifically referring to the kinds of limitations to be considered when assessing disability under the Social Security laws and regulations." (See AR 26.) However, it is well-settled that an ALJ must properly consider every medical opinion, without regard to its source or its

criteria for disability. See Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1996); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir 1988); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings."); 20 C.F.R. §§ 416.927(c) and 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); see generally McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011) (ALJ was required to consider VA rating of disability even though the VA and SSA criteria for determining disability are not identical). Morever, the Court fails to see how the types of general and widely-understood limitations recommended by Dr. Rubinstein – in overhead work; repetitive use of the arm; and lifting, pulling, or pushing – could have any special meaning that would not apply to the Social Security context. Accordingly, the Court finds that this was not a legally sufficient reason on which the ALJ could properly rely to reject Dr. Rubinstein's opinion.

The other reason proffered by the ALJ for rejecting Dr. Rubinstein's opinion was that, although Dr. Rubinstein's July 2006 opinion may have been reasonable for the period shortly after plaintiff's surgery, more recent evidence showed that plaintiff had a greater residual functional capacity. (See AR 26.) Specifically, the ALJ noted the more recent opinion of Dr. Enriquez, an examining physician who opined in April 2011 that plaintiff could perform the equivalent of light work. (See AR 26; see also AR 676-80.) The Court is mindful of authority that, as a general matter, a more recent medical opinion may have more probative value than an older opinion about a claimant's abilities. See, e.g., Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986); Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985); see also Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). However, this authority is applicable only if the record reflects that the claimant's condition had changed in the period between the two opinions. See Stone, 761 F.2d at 532 (finding that the most recent medical opinion

was the most probative because the claimant's condition "was progressively deteriorating"); cf. Young, 803 F.2d at 968 (declining to afford greater weight to more recent medical report when "it is far from clear that [claimant's] condition was progressively deteriorating"). Here, the record is far from clear that plaintiff's shoulder condition improved after Dr. Rubinstein had issued his opinion so as to justify according greater weight to the more recent opinion of Dr. Enriquez. Indeed, the record contains almost no evidence about plaintiff's shoulder condition between the two opinions.[3]

Instead, the record appears to reflect only the presence of a conflict between the opinions of Dr. Rubinstein and Dr. Enriquez, which was merely determinative of the standard to be applied to the ALJ's proffered reasons for not crediting the opinion of Dr. Rubinstein, and was not a legally sufficient reason in itself. See Lester, 81 F.3d at 830 (in event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); see also Widmark v. Barnhart, 454 F.3d 1063, 1066-67 and n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

In sum, the Court finds that reversal is warranted based on the ALJ's failure to properly consider the treating physician's opinion.

---

[3] Although the Commissioner cites Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008), for the proposition that medical opinions pre-dating the alleged disability period are of limited value (see Jt Stip at 16), the Court finds that authority distinguishable. In Carmickle, the ALJ found that a medical opinion pre-dating the alleged disability period had limited probative value because the opinion was issued before the claimant's accident and during a time when claimant was working at two jobs. See id. at 1158, 1165. Here, by way of contrast, Dr. Rubinstein's opinion was issued after plaintiff's accident and during a time when plaintiff was no longer performing his past relevant work or any other substantial gainful activity.

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that he is entitled to an award of benefits because of an ALJ's failure to properly consider a treating physician's opinion or other evidence, the Court applies a three-step framework. See Treichler v. Commissioner of Social Sec. Admin., - F.3d -, 2014 WL 7332774, at *8 (9th Cir. Dec. 24, 2014); see also Burrell, 2014 WL 7398892, at *6; Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Treichler, 2014 WL 7332774, at *8 (citations omitted). When all three elements are satisfied, a case raises "rare circumstances" that allow the Court to exercise its

discretion to remand for an award of benefits. See id.

Here, the Court finds that the second element has not been satisfied because outstanding issues remain and further administrative proceedings would be useful. Specifically, the most essential factual issue – whether plaintiff is disabled – remains unresolved because the record is unclear and contains conflicting evidence on that issue. See id. (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); see also Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not demonstrate the claimant is disabled within the meaning of the Social Security Act).

Although plaintiff contends that Dr. Rubinstein's opinion, if credited as true, reflected an RFC for sedentary work and therefore would direct a finding of disability under the Medical-Vocational Guidelines (see Jt Stip at 15), the Court disagrees. Nowhere in Dr. Rubinstein's opinion is there any specific weight-bearing limitation consistent with an RFC for sedentary work. Rather, the only evidence suggesting such a limitation was the testimony of the vocational expert, who essentially translated Dr. Rubinstein's opinion into an RFC for sedentary work. (See AR 65.) However, it was not the vocational expert's role to make such a determination, nor was she qualified to do so. See Sample v. Schweiker, 694 F.2d 639, 643-44 and n.6 (9th Cir. 1982) (noting that a vocational expert has neither the role nor qualifications "to determine the validity of the medical opinion offered"); see also Petrauskas v. Commissioner Social Sec. Admin., 414 Fed. Appx. 7, 9 (9th Cir. 2010) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (noting that vocational experts "did not have the expertise to provide a medical opinion as to the severity of [claimant's] impairments").

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS

1  HEREBY ORDERED that Judgment be entered reversing the decision of the
2  Commissioner of Social Security and remanding this matter for further administrative
3  proceedings.[4]

5  DATED:  January 21, 2015

   ROBERT N. BLOCK
   UNITED STATES MAGISTRATE JUDGE

---

[4]     It is not the Court's intent to limit the scope of the remand.